| | |
|---|---|
| JOHNSON CITY FEDERAL CREDIT CREDIT UNION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| CUNA MUTUAL GROUP, and CUMIS INSURANCE SOCIETY, INC., | ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff JOHNSON CITY FEDERAL CREDIT UNION ("Credit Union") by its attorney Nicholas F. Esposito, Bradley Staubus, and John Calabrese, and in complaining against the Defendants, CUNA MUTUAL GROUP and CUMIS INSURANCE SOCIETY, INC. (collectively referred to as "CUMIS") alleges as follows:

1. This action is founded on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

2. Credit Union is a federally insured Tennessee credit union having its principal place of business in Johnson City, Tennessee, and transacting business in its offices in Johnson City, Tennessee.

3. CUMIS is incorporated under the laws of the State of Wisconsin, is in the business of selling credit union discovery bond insurance coverage for both state and federal credit unions, has its principal place of business in Madison, Wisconsin and does business in this district.

4. In consideration of payment of an annual premium, CUMIS issued its Credit Union Bond with CUMIS as surety and the Credit Union as obligee for the purpose of indemnifying the Credit Union for, among other things, direct loss of, or damage, to any property, as defined therein, caused by the fraud or dishonesty of any of the insured's employees as therein defined, and directors, committed anywhere, whether acting along or in collusion with others, or through the failure on the part of such employee to faithfully perform his/her trust in the penal sum of $2,500,000.00.

5. G. Donald Cowan was the Credit Union's CEO from September 2004 through September 2006 when he exercised a forced resignation.

6. On September 20, 2006, the Credit Union gave notice to CUMIS that Cowan consciously disregarded the lending policies of the Credit Union, that illegal member accounts were identified but that no losses had occurred to date, and that an investigation was continuing.

7. From time to time, CUMIS extended a Proof of Loss filing date at the Credit Union's request because losses had not yet perfected.

8. Beginning in April 2007, the Credit Union began charging off loans arising from Mr. Cowan's illegal conduct.

9. On August 31, 2007, the Credit Union filed its Proof of Loss requesting payment for bonded losses resulting from the failure of Donald Cowan to faithfully perform his trust in the amount of $204,177.76.

10. The Credit Union requested immediate payment for those losses as a partial payment under the bond, and reserved the right to claim further losses resulting from Cowan's conduct.

11. From time to time, the Credit Union amended its proof of loss as additional losses occurred and notified CUMIS that it expected losses to exceed the bond's $2,500,000.00 penal sum.

12. On August 28, 2009, CUMIS denied the Credit Union's claim in breach of its contractual agreement to pay said losses.

13. The Credit Union complied with all conditions precedent for payment under the CUMIS bond, or those conditions have been waived by CUMIS.

14. As a result of CUMIS' denial, the Credit Union is damaged in the amount of $2,500,000.00, exclusive of costs.

15. Pursuant to Tennessee law the Credit Union seeks additional liability against CUMIS, a bonding company, for bad-faith failure to pay promptly (T.C.A. 56-7-105) for which the Credit Union may recover up to twenty-five percent (25%) of the loss liability, and reasonable attorneys' fees up to twelve and one half percent (12.5%) of the amount that the court or jury finds the Credit Union is entitled to recover against CUMIS.

16. Pursuant to Tennessee law, the Credit Union seeks an award against CUMIS for unfair or deceptive practices (T.C.A. 47-18-104(27) and T.C.A. 47-18-109) in the amount of three (3) times the actual damages, plus reasonable attorneys' fees and costs, arising from the following conduct:

a. Knowingly misrepresenting relevant facts or policy provisions relating to the coverage at issue. (T.C.A. 56-8-105(1))

b. Failure to adopt and/or implement reasonable standards for the prompt settlement of claims arising under its policies (T.C.A. 56-8-105(3)) including related to advances as to undisputed portions of a claim.

-3-

Case 2:09-cv-00238-JRG-DHI Document 1 Filed 10/23/09 Page 3 of 4 PageID #: 3

c.  Failure to effectuate a prompt, fair, and equitable settlement of the Credit Union's claim in which liability has become reasonably clear. (T.C.A. 56-8-105(4))

d.  Failure to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed. (T.C.A. 56-8-105(7))

17. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff JOHNSON CITY FEDERAL CREDIT UNION demands judgment against Defendants CUNA MUTUAL GROUP, and CUMIS INSURANCE SOCIETY, INC. in the amount of $2,500,000.00 plus its costs, treble damages, other awards, reasonable attorneys' fees and costs pursuant to T.C.A. 56-7-105, T.C.A. 47-18-104(27) and T.C.A. 47-18-109, or as the court otherwise deems just.

**JOHNSON CITY FEDERAL CREDIT UNION,**

Plaintiff,

By: *[signature]*
Jerry W. Laughlin (BPR#002120)

Jerry W. Laughlin
Rogers, Laughlin, Nunnally, Hood & Crum, P.C.
100 South Main Street
Greeneville, TN 37743
(423) 639-5183

L:\Gen Litigation\Johnson City FCU v CUMIS Insurance 09-2163\Complaint